CITY OF ORANGE, DEFENDANT IN CERTIORARI, v. OWEN McGONNELL, PLAINTIFF IN CERTIORARI.

Argued June 8, 1904—Decided November 7, 1904.

1. If a bond be required by law to be given on the allowance of a *certiorari* for the protection of the defendant in *certiorari* in case the proceedings below be affirmed, the court may, in its discretion, deny an application, presented on final hearing, for the dismissal of the writ because such a bond was not given.

2. Whatever the style of action, a summary conviction by an inferior magistrate on a penal statute or ordinance cannot be supported, unless a record thereof be made showing all the requisites of a legal trial and conviction.

On *certiorari*.

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari*, *Edward M. Colie*.

For the defendant in *certiorari*, *William A. Lord*.

In consequence of the illness of Justice Hendrickson he has been prevented from taking part in the decision, and the case is therefore decided on the opinion of

DIXON, J. This *certiorari* brings up a proceeding before a police justice under section 34 of the charter of the city of Orange (*Pamph. L.* 1869, *p.* 182) to recover a penalty of $5 for violation of a city ordinance.

On final hearing the counsel for the city moved to dismiss the writ, because before its allowance a bond to the city had not been presented to the Chief Justice, who allowed it, in accordance with section 37 of the charter. Instead a recognizance under section 9 of the *Certiorari* act (*Pamph. L.* 1903, *p.* 343) had been given.

Assuming that this provision of the charter is still operative, I think the application should now be denied, be-

cause such a bond is useful only in case of an affirmance of the proceedings, and on this final hearing an affirmance seems impossible.

The manifest illegality in the proceedings is that they do not contain a statement of the evidence on which the conviction of the defendant could be lawfully based. In all actions before inferior magistrates upon penal statutes or ordinances, if the proceedings be summary, that is, without a right to trial by jury or an appeal, a record must be made, showing all the requisites of a legal trial, conviction and judgment, and this, whether the action be in debt, or trespass, or on mere complaint. *Buck* v. *Danzenbacker,* 8 *Vroom* 359; *Doughty* v. *Conover,* 13 *Id.* 193; *Hankinson* v. *Trenton,* 22 *Id.* 495; *Hoeberg* v. *Newton,* 20 *Id.* 617; *Salter* v. *Bayonne,* 30 *Id.* 128; *Schlacter* v. *Stokes,* 34 *Id.* 138. The charter of Orange provides that actions before the police justice shall be regulated, as nearly as may be, by the act constituting courts for the trial of small causes, which gives the right to trial by jury and an appeal, and this would take the actions thus regulated out of the class of summary proceedings; but the charter further provides that unless the prescribed penalty exceeds $20 there shall be no right to jury trial or to appeal, thus putting actions for a less penalty in the category of summary proceedings.

The proceedings under review must be set aside.