GIDEON B. HURD, PROSECUTOR, v. THE STATE OF NEW JERSEY, RESPONDENT.

Argued October 6, 1937—Decided December 6, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Edgar W. Hunt.*

For the respondent, *William A. Moore.*

The opinion of the court was delivered by

PERSKIE, J.   From the meager record submitted it appears that prosecutor was charged and convicted in a summary proceeding before a justice of the peace prosecuted upon complaint and warrant, with having in his possession in viola-

tion of the New Jersey Bottle act (chapter 220, *Pamph. L.* 1933, *p.* 468), three milk bottles (in order to lessen the fine the number was subsequently reduced by one) bearing registered marks without the consent of the owner of such marks. (Cf. chapter 366, *Pamph. L.* 1933, *p.* 995, which is identical with chapter 220, *Pamph. L.* 1933, save that the scope was enlarged to include containers for ice cream in various forms and other similar products frozen substantially to the consistency of ice cream.) A writ of *certiorari* was granted to review the legality of the conviction.

The pleadings under the act are required to conform in all respects to the practice prevailing in the court in which the proceedings are instituted; broad powers of amendment are granted (paragraph 15). Under paragraph 10 of the act it is provided, *inter alia,* that on the return of the process "the court or magistrate * * * shall proceed in a summary manner to hear testimony and determine and give judgment" and impose penalties provided in the act. And in so doing "it shall not be necessary to take or keep any record of the evidence or testimony taken on such trial." And the act does not prescribe a form of conviction comprehending a statement of the evidence adduced at the trial. *Cf. State* v. *Lakewood Market Co.,* 84 *N. J. L.* 512, and cases cited in last paragraph of page 521 thereof, 88 *Atl. Rep.* 194.

Although the judgment of conviction does set forth the facts upon which the conviction was based (*Cf. Levine* v. *State Board of Registration and Examination in Dentistry,* 14 *N. J. Mis. R.* 738; 186 *Atl. Rep.* 814), and does state that prosecutor pleaded guilty, nevertheless, on application by prosecutor, a rule was allowed by Mr. Justice Trenchard granting leave to both prosecutor and respondent to take depositions. Each did so. From these depositions we find that there is a sharp conflict as to whether prosecutor did plead guilty; he denies having so pleaded. The same depositions make clear that no witnesses were sworn nor was any sworn testimony taken at the hearing. We are thus in no position to determine how the prosecutor did in fact plead. But we do know from these depositions that prosecutor did

not pay the fine ($20.43) imposed; that no execution was issued against his goods and chattels to enforce payment thereof, and that his body was not delivered to the keeper of the common jail (paragraph 16) by reason of the failure to find sufficient of his goods and chattels to make the amount of the fine or judgment.

It is, of course, elementary that when, as here, the proceeding is summary, whatever the style of the action, the conviction by an inferior magistrate on a penal statute cannot be supported unless a proper record thereof be made showing all the prerequisites of a legal trial and conviction. *Orange* v. *McGonnell, 71 N. J. L.* 418; 59 *Atl. Rep.* 97, and cases therein cited. And it is likewise elementary that even in a summary proceeding the prerequisites are that the conviction, to stand the test of legality, must find support in either a plea of guilty on the part of the accused, or upon proper proofs. Respondent concedes that no proofs whatever were adduced, and the depositions leave us altogether unsatisfied or unconvinced that a plea of guilty was entered by prosecutor. The conviction failing to meet or satisfy the necessary prerequisites of a legal conviction, it is fatally defective and must be set aside.

We desire to observe that we have not overlooked the several constitutional and other questions argued. A determination of these questions, however, must await their presentment upon a proper record.

Accordingly, the conviction is set aside, but without costs.